12-2-08
6B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| STEVEN LEWIS | CIVIL ACTION NO. 03-1576 |
| VERSUS | JUDGE MELANÇON |
| THE IBERIA PARISH GOVERNMENT, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are Warden Roberta Boudreaux ("Boudreaux") and Lieutenant Judy Cuffy's ("Cuffy") (collectively, "defendants") Motion for Summary Judgment and Memorandum in Support thereof [Rec. Doc. 92], plaintiff Steven Lewis's ("Lewis" or "plaintiff") Memorandum in Opposition to defendants' Motion [Rec. Doc. 97], and defendants' Reply to plaintiff's Opposition [Rec. Doc. 99]. For the reasons that follow, defendants' Motion [Rec. Doc. 92] will be **GRANTED**.

### I. BACKGROUND

On or about August 19, 2002, plaintiff, while shackled, handcuffed, and in the custody of Iberia Parish Criminal Justice Complex, alleges that he fell as he attempted to step into an elevator at the Iberia Parish Courthouse. Following his alleged fall, plaintiff avers that he immediately informed his security escort that he was in pain and requested transport to a hospital. While that request was denied by Boudreaux, plaintiff was examined by nurse Jewel Trahan ("Trahan"), a licensed practical nurse employed by the Iberia Parish Jail (the "jail"), upon his return to the jail.

On August 21, 2002, two days after the alleged fall, plaintiff completed an

Iberia Parish Medical Request form wherein he complained of pain in his back and leg and requested x-rays be taken. On August 23, 2002, plaintiff was taken to University Medical Center ("UMC") where he was treated by an orthopedic specialist. Upon his return to the jail, plaintiff continued to complain to the nursing staff about the pain his back and leg, and as a result, on August 27, 2002, a registered nurse at the jail prescribed a ten day course of pain medication for plaintiff. This treatment was continued for an additional ten days when plaintiff told the staff that the pain had not dissipated. On September 10, 2002, plaintiff was transferred to Hunt Correctional Center. Upon his arrival, he was examined by a physician and was diagnosed with a "possible" ruptured disc or pinched nerve.

On August 19, 2003, Lewis filed suit against several defendants including Trahan, Boudreaux, Cuffy, and the Government of Iberia Parish under Title 42, Section 1983 of the United States Code alleging violations of his rights under the Eighth and Fourteenth amendments to the United States Constitution to be free from cruel and unusual punishment. Plaintiff contends that he received constitutionally inadequate medical treatment while incarcerated and, as a result, has suffered severe pain and potentially permanent damage. On March 21, 2005, this Court issued a Memorandum Ruling [Rec. Doc. 51] and Judgment [Rec. Doc. 52] dismissing defendant Trahan on the grounds of qualified immunity finding that "[i]t [was] clear from the facts of this case, viewed in a light most favorable to Lewis, that Trahan's actions did not give rise to any issue of constitutional magnitude."

*Memorandum Ruling* [Rec. Doc. 51], pg. 8.

On October 4, 2005, as a result of Hurricane Katrina and its aftermath, the Court administratively terminated this case. On March 17, 2008, the parties jointly moved the Court to reinstate this case, and, on March 24, 2008, the Court reopened the case and set forth new deadlines to prepare this matter for trial. On September 12, 2008, Boudreaux and Cuffy timely filed this Motion for Summary Judgment [Rec. Doc. 92] arguing that plaintiff's claims must fail as a matter of law or, alternatively, that they are entitled to qualified immunity. Plaintiff opposes this motion.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the

3

non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ.

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

4

P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW & ANALYSIS

At the outset of this analysis, the Court is compelled to note that in his response to defendants' Motion for Summary Judgment, plaintiff primarily makes claims against Trahan. Trahan was dismissed from this case on the basis of qualified immunity on March 21, 2005 and this Court will not revisit its decision in this memorandum ruling. The Court will solely address plaintiff's claims against Boudreaux and Cuffy.

Plaintiff alleges Boudreaux and Cuffy violated his Eighth and Fourteenth Amendment rights against cruel and unusual punishment when they ". . . blatantly ignored Complaintant's requests for medical treatment." The cruel and unusual punishment clause allows an inmate to obtain relief after being denied medical care if he proves that there was a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference requires a showing that defendants (1) were "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn," and (2) that they "actually drew an inference that such potential for harm existed." *Herman v. Holiday*, 238 F.3d 660, 663 (5th Cir. 2001). Such a showing requires evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him

5

incorrectly, or engaged in any similar conduct that would evince a wonton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (*quoting Estelle*, 429 U.S. at 107). A prisoner's disagreement with his medical treatment is not actionable under §1983 absent exceptional circumstances. *See Bias v. Woods*, 288 Fed. Appx. 158, 161 (5th Cir. 2008).

In this case, plaintiff's claims that his complaints were ignored are belied by the record presented by the defendants. Immediately upon his return to the jail, plaintiff was seen by a nurse.[2] Subsequently, every time plaintiff requested medical treatment, his request was fulfilled. Lewis was seen by an orthopedist on at least one occasion within 4 days of his fall and was examined on multiple occasions by nurses at the jail. Prescription medications were recommended and dispensed up and until Lewis's last day at the facility.

Lewis's whole case hinges on the fact that, upon his transfer to another facility, a doctor there diagnosed him with ". . . a *possible* ruptured disc, a pinched nerve, and further advised him that he may need surgery." *Plaintiff's Opposition to Motion for Summary Judgment* [Rec. Doc. 97], pg. 3. This allegation alone is simply insufficient. As the United States Supreme Court stated in *Estelle, supra*, "The failure to perform an X-ray or to use additional diagnostic techniques does not

---

[2] While plaintiff was seen by a nurse upon his return to the jail, the nurse's notes indicate the Lewis actually *refused* treatment at that time. Notes from a registered nurse who examined Lewis on August 27, 8 days after the fall, show that Lewis told her that the pain did not begin for three to four days after the fall.

constitute cruel and unusual punishment but is at most medical malpractice cognizable in the state courts." *Estelle,* 429 U.S. at 287. Here, plaintiff's allegations cannot rise to the level of malpractice as the defendants are not medical practitioners. Lewis has failed to present a scintilla of evidence that Boudreaux and Cuffy, in any way, displayed deliberate indifference to his plight. Accordingly, the Court must grant summary judgment.

## IV. CONCLUSION

The record reveals that defendants timely provided plaintiff with access to adequate medical attention, including prescription medications and treatment by an orthopedic specialist and several nurses. The mere fact that a subsequent doctor disagreed with the course of treatment prescribed at the Iberia Parish Jail is not actionable. Accordingly, defendant's Motion for Summary Judgment [Rec. Doc. 92] will be **GRANTED** and plaintiff's claims against the defendants will be **DISMISSED WITH PREJUDICE.**